No. 31,534

MARK WILLIAMS, *Appellant*, v. JOHN ROBERTS, and K. I. BURGESS as Sheriff, etc., *Appellees*.

(32 P. 2d 229.)

Opinion filed May 5, 1934.

H. E. *Walter*, of Kingman, for the appellant.

*Adrian S. Houck* and *J. Raymond Eggleston*, both of Medicine Lodge, for the appellees; *Donald Muir*, of Anthony, of counsel.

The opinion of the court was delivered by

BURCH, J.: The action was one by a landowner to enjoin sale of his land on execution. Plaintiff alleged the land was his homestead. The answer alleged the land had been abandoned as a homestead, in that plaintiff purchased other land which he and his wife occupied until the time of her death. The judgment was that the land was not a homestead, and plaintiff appeals.

At the commencement of the action an order restraining sale was granted. Defendants, who were the judgment-creditor and the sheriff, who had advertised the land for sale under the execution, moved to set aside the restraining order, and the hearing was had on that motion. Plaintiff assumed the burden of proof, and introduced his evidence. Defendants demurred to plaintiff's evidence. The demurrer was argued, and the case was taken under advisement. At the request of the court briefs were filed relative to the demurrer. Subsequently the case came on for decision. The demurrer was not in terms sustained. Instead, the court found the evidence was not sufficient to establish a homestead, found the land was not a home-

stead, dissolved the restraining order, adjudged the land was not a homestead, and adjudged the land was subject to sale on execution.

Apparently plaintiff produced, at the hearing, all the evidence he had to show the land was his homestead. Manifestly the court treated the whole case as presented by the evidence and the briefs, and considered that judgment on the merits would follow as a matter of course. Since the court was determining the case on a demurrer to plaintiff's evidence, it must be assumed the court gave plaintiff the benefit of all his evidence, and of all favorable inferences derivable from the evidence. Attorneys for defendants treat plaintiff's evidence as true; but they contend the evidence proved plaintiff abandoned the farm as his homestead, and acquired another homestead in Attica, a town some distance from the farm. The essential features of plaintiff's evidence may be summarized as follows:

The land consisted of a quarter section, on which stood a seven-room house, a large barn, and other improvements. Plaintiff purchased the land in 1918. His wife was living, and they had two sons, both married. Plaintiff rented the farm to one son, who occupied it for a year. Then plaintiff and his wife and the second son moved on the farm. From 1919 to May, 1921, plaintiff and his wife lived on the farm, and had no other homestead.

In May, 1921, plaintiff purchased a block of ground in Attica, on which stood a seven-room house, a garage, and a chicken house, and he and his wife moved to the Attica property. They continued to live in the Attica house until June, 1923, when plaintiff's wife died. After his wife's death plaintiff did not occupy the Attica house, even for a single night. He reserved a room in the house on the farm then occupied by the second son, and moved his goods to the farm, which has ever since been his home.

Plaintiff moved to Attica because of his wife's health. She had heart trouble, had just had a bad spell, and she wanted to get close to a doctor where she might get medical relief. The reason they moved off the farm was to be near a doctor. In June, 1923, plaintiff's wife became seriously ill. He took her to a hospital in Wichita, where an operation was performed, and she lived but a short time after the operation. As indicated, plaintiff then returned to the farm.

While plaintiff and his wife lived in Attica, they had a garden on the farm. There was no evidence that plaintiff added to the im-

provements on the Attica property, or that he engaged in any kind of business or work in Attica. Plaintiff, as a witness in his own behalf, was fully cross-examined. No inquiry was made on direct or on cross-examination with respect to where plaintiff voted while he was living in Attica, and there was no evidence that he exhibited any kind of conduct indicating permanence of residence in Attica beyond simply living there. The judgment on which execution was levied was not rendered until 1929, or six years after plaintiff returned to the farm, and possible loss of the farm by appropriation to pay debts could not have furnished a motive for returning to the farm after his wife's death.

Plaintiff testified he lived at Attica temporarily. Both he and his wife always intended to move back on the farm, and after he first occupied the farm he had not owned or occupied any other home, with the exception of the temporary residence in Attica.

It is not open to dispute that from 1919 to 1921 the farm was plaintiff's homestead, and that it continued to be his homestead, unless he abandoned it when he moved to or while he lived in Attica.

It is not necessary to write another essay on homestead law, or on how homestead questions are to be determined, or to review the long line of homestead decisions depending on the particular facts of the particular cases. The court is constrained to hold that abandonment of the farm as a homestead was not established, and that the evidence established the fact the farm continued to be plaintiff's homestead.

Defendants cite and rely on just one case, *Savings Bank v. Wheeler's Adm'r*, 20 Kan. 625. The facts of that case may be read in the report. The principal facts which the court regarded as showing acquisition of a new home and homestead, whatever Wheeler's intention may have been when he left his farm, were summarized in the opinion as follows:

"Wheeler gained a new home in Doniphan city; he owned the premises; he lived there with his family; he taught school there; he held the office of street commissioner under the city ordinances, and voted at the city elections of 1873; he increased and improved his possessions in the city; he and his wife ornamented and beautified their lots, and in every possible form impressed the character of a homestead on the Doniphan property. During the residence and occupation of the city premises, he clearly acquired the right to have claimed them as a homestead, as in fact it was; and who can doubt, from the findings of fact, that his widow would have done so had it been for her interest?" (p. 631.)

We have no such case here.

This case has been pending for four years. The motion to dissolve the restraining order was not filed until three years had elapsed after the action was commenced. The case has been determined by the district court up to the point of formally entering final judgment, and final judgment should be entered.

The judgment of the district court is reversed, and the cause is remanded with direction to enter judgment for plaintiff.